# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**212**
**CAF 13-02243**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF RICARDO SUAREZ AND LAURA
SUAREZ, PETITIONERS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

MELISSA WILLIAMS, RESPONDENT-APPELLANT,
AND ERNESTO SUAREZ, RESPONDENT-RESPONDENT.

---

MELVIN & MELVIN, PLLC, SYRACUSE (CHRISTOPHER M. JUDGE OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LINDA M. CAMPBELL, SYRACUSE, FOR PETITIONERS-RESPONDENTS.

PATRICK J. HABER, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeal from an order of the Family Court, Onondaga County
(Michelle Pirro Bailey, J.), entered March 26, 2013 in a proceeding
pursuant to Family Court Act article 6. The order, among other
things, awarded petitioners Laura Suarez and Ricardo Suarez and
respondent Ernesto Suarez joint legal custody of the subject child.
The order was reversed by opinion and order of this Court entered
March 20, 2015 (128 AD3d 20), and petitioners Ricardo Suarez and Laura
Suarez on June 9, 2015 were granted leave to appeal to the Court of
Appeals from the order of this Court (25 NY3d 1063), and the Court of
Appeals on December 16, 2015 reversed the order and remitted the case
to this Court for further proceedings in accordance with the opinion
of the Court of Appeals (___ NY3d ___ [Dec. 16, 2015]).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of
Appeals, the order so appealed from is unanimously affirmed without
costs.

Memorandum: Respondent mother appeals from an order that, inter
alia, awarded joint legal custody of her child to petitioner
grandparents and respondent father. We previously held that the
grandparents failed to establish extraordinary circumstances to
deprive the mother of custody of the child, but the Court of Appeals
reversed our order and held that they had made such a showing (*Matter
of Suarez v Williams*, 128 AD3d 20, *revd* ___ NY3d ___ [Dec. 16, 2015]).
The Court remitted the matter to us to consider issues raised but not
reached by us on the appeal. We now affirm.

Contrary to the mother's contention, Family Court's determination that it was in the child's best interests to remain in the primary physical custody of the grandparents is supported by a sound and substantial basis in the record, and we will not disturb it (*see Matter of Misty D.B. v David M.S.*, 38 AD3d 1317, 1317).  We have considered the mother's remaining contentions and conclude that they lack merit.

Entered:  December 31, 2015                      Frances E. Cafarell
                                                 Clerk of the Court